UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN PACCHA, individually and on behalf of other similarly situated employees,<br><br>    Plaintiff,<br><br>-against-<br><br>APS ELECTRIC, INC., MIKHAIL MIKHAYLOV, and JANE DOE a/k/a GIANA,<br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff JUAN PACCHA, by and through his attorneys, FISHER TAUBENFELD LLP, individually and on behalf of others similarly situated, alleges against Defendants APS ELECTRIC, INC. (the "Company" or the "Corporate Defendant"), MIKHAIL MIKHAYLOV, and JANE DOE a/k/a GIANA ("Individual Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and City law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 257 54th Street, Brooklyn, NY 11220.

4. Upon information and belief, at all times relevant hereto, Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Upon information and belief, at all relevant times hereto, Corporate Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8. Defendants own and operate a facility which provides commercial and residential electrician services.

9. Upon information and belief, Individual Defendants reside in the State of New York and are owners, managers, and/or employees of the Corporate Defendant.

10. Defendant Mikhaylov makes and/or made hiring and firing, scheduling, and payroll decisions and maintains pay records on behalf of the Corporate Defendant.

11. Individual Defendants are natural persons engaged in business in the State of New York, who are sued individually in their capacities as owners, agents, employees or officers of the Corporate Defendant.

12. Individual Defendants exercise operational control over the Corporate Defendant's operations.

13. Defendant Mikhaylov created and enforced policy for the Corporate Defendant, including the employee pay policies and work schedules.

14. Personnel and operational decisions were made or approved by the Individual Defendants.

15. Individual Defendants are Plaintiff's employers under the FLSA and NYLL and is individually liable to Plaintiff.

16. Individual Defendants possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

17. Plaintiff has been employed by Defendants to work as a mechanic within the last six (6) years.

18. Plaintiff was an individual with a disability (hand injury) under the ADA, State Law, and City Law.

19. At all relevant times, Defendants were Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

**NATURE OF THE ACTION**

20. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

    i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week; and

    ii. Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

21. Plaintiff also brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"), New York State Executive Law §296 *et seq.* ("NYSHRL" or "State Law") and the Administrative Code of the City of New York §8-101 *et seq.* ("NYCHRL" or "City Law") based on the Company's discriminatory and retaliatory termination of Plaintiff's employment because of his disability.

22. Defendants knowingly violated Plaintiff's rights under federal, state, and city laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured.

23. Damages and other legal relief are sought pursuant to the ADA, State Law, and City Law.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

24. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

25. Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff, who worked in excess of forty (40) hours per week.

26. Defendants have maintained a policy and practice of failing to provide Plaintiff with proper wage notices and paystubs.

### A. Plaintiff's Schedule and Pay.

27. Plaintiff worked for Defendants as a mechanic for sixteen years.

28. Until 2018, Mr. Paccha worked from 7:00 a.m. until 5:00 p.m. on Mondays through Thursdays, and from 7:00 a.m. until 4:00 p.m. on Fridays and Saturdays.

29. Starting in 2018, Mr. Paccha's Monday through Thursday schedule lengthened by one hour such that he worked until 6:00 p.m on those days.

30. After the Company reopened following a brief closure in March and April 2020, Mr. Paccha worked from 7:00 a.m. to 4:00 p.m., Monday through Friday, with a half hour lunch break.

31. Plaintiff therefore regularly worked between 50 and 60 hours per week until March 2020.

32. After March 2020, Plaintiff worked about 42.5 hours per week.

33. Defendants paid Plaintiff at his standard rate of $30 per hour for all hours worked.

34. Defendants failed to pay Plaintiff time and a half for all of his hours worked above 40 per week.

35. Defendants violated both the federal Fair Labor Standards Act and the New York Labor Law by failing to pay Plaintiff at the proper rate of time-and-a-half for his extensive overtime hours.

### B. Notice and Recordkeeping Violations.

36. Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195.

37. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

38. Defendants also did not provide Plaintiff with proper paystubs specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or any other information as required under NYLL § 195.

39. Accordingly, Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

## II. Defendants' Disability Discrimination.

40. On June 3, 2021, Mr. Paccha was injured at work.

41. Mr. Paccha sustained a major injury to his hand, necessitating a hospital visit and surgery.

42. While at the hospital, he was told that he would need to be out of work for a period and undergo 2 months of physical therapy.

43. Mr. Paccha opened a workers' compensation claim.

44. Defendants were aware of Mr. Paccha's workers' compensation claim.

45. Plaintiff returned to work on July 26, 2021, while still undergoing physical therapy.

46. Plaintiff requested that he always have assistance from other workers while doing heavy lifting.

47. On September 3, 2021, Plaintiff was told he was not working fast enough.

48. Mr. Paccha continued to work until September 9, when he was told to stay home and wait to be called.

49. Mr. Paccha was never called to return to work and was functionally terminated.

## COLLECTIVE ACTION ALLEGATIONS

50. Defendants' failure to comply with the FLSA extended beyond the Plaintiff to all other similarly situated employees insofar as Defendants had a policy of failing to pay their employees at one and a half times their regular rate for the hours they worked in excess of 40.

51. Plaintiff seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

52. The consent to sue forms for Plaintiff is attached hereto as **Exhibit 1**.

53. Upon information and belief, there are at least 40 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

54. At all relevant times, Plaintiff and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiff stated herein are similar to those of the other employees.

55. In bringing this action, Plaintiff is representative of and is acting on behalf of the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

56. Plaintiff brings this action on behalf of himself and all other non-exempt persons who were or are employed by the Defendants but who did not receive compensation required by the NYLL in respect to their work for the Defendants.

57. Upon information and belief, this class of persons consists of no fewer than 40 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

58. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

59. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

60. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

61. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

62. Plaintiff brings the first through third claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

**FIRST CLAIM FOR RELIEF**
**(Overtime Wage Violations under the FLSA)**

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

65. At all relevant times hereto, Defendant has had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

66. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Overtime Wage Violations under NYLL)**

67. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

69. Throughout the statute of limitations period covered by these claims, Defendant knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times his regular rate of pay, for hours worked in excess of forty (40) per workweek.

70. As a direct and proximate result of Defendant's willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify)

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

73. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff and others similarly situated with wage statements, along with their pay, that specified the rate of pay, hours worked, and the pay period.

74. Defendants failed to provide Plaintiff and others similarly situated with a notice or paystub in accordance with §195 of the NYLL.

75. As a direct and proximate result of Defendant's willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF

**(Discrimination Based on Disability
in Violation of the ADA)**

76. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants were aware that Plaintiff had a disability (injury to his hand).

78. Defendants willfully violated the ADA when it terminated Plaintiff's employment because of his disability.

79. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

80. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**FIFTH CLAIM FOR RELIEF**
**(Discrimination Based on Disability
in Violation of State Law)**

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants were aware that Plaintiff had a disability (hand injury).

83. Defendants willfully violated State Law when they terminated Plaintiff's employment because of his disability.

84. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of

enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

85. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**SIXTH CLAIM FOR RELIEF**
**(Discrimination Based on Disability**
**in Violation of City Law)**

86. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants were aware that Plaintiff had a disability (hand injury).

88. Defendants willfully violated City Law when they terminated Plaintiff's employment because of his disability.

89. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

90. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**SEVENTH CLAIM FOR RELIEF**
**(Retaliation under the ADA)**

91. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

92. Plaintiff engaged in protected activity when he asserted his rights by requesting a reasonable accommodation for his disability.

93. Defendants willfully violated the ADA when they terminated Plaintiff's employment because he requested an accommodation.

94. As a proximate result of Defendants' unlawful acts, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

95. As a proximate result of the Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**EIGHTH CLAIM FOR RELIEF**
(**Retaliation in Violation of State Law**)

96. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

97. Defendants retaliated against Plaintiff for engaging in protected activity by requesting a reasonable accommodation for his disability.

98. By the acts and practices described herein, Defendants intentionally and willfully violated State Law by retaliating against Plaintiff.

99. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

100. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**NINTH CLAIM FOR RELIEF**
(**Retaliation in Violation of City Law**)

101. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

102. Defendants retaliated against Plaintiff for engaging in protected activity by requesting a reasonable accommodation for Plaintiff's disability.

103. By the acts and practices described herein, Defendants intentionally and willfully violated the City Law by retaliating against Plaintiff.

104. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

105. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: March 17, 2023
      New York, New York

Respectfully submitted,

/s/
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

# Exhibit 1

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de APS ELECTRIC, INC., MIKHAIL MIKHAYLOV, and GIANA LNU, o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Juan Paccha
_____
NOMBRE

*DocuSigned by:*
*[signature]*
83B3516842534F1...
FIRMA

3/16/2023
_____
FECHA

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by APS ELECTRIC, INC., MIKHAIL MIKHAYLOV, and GIANA LNU, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Juan Paccha
_____
NAME

*/s/ Juan Paccha*
_____
SIGNATURE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Juan Paccha.

*/s/ Estephany Herrera*
_____
ESTEPHANY HERRERA