# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 1, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Nina R. Morrison, U.S.D.J.
225 Cadman Plaza East
Courtroom 6E North
Brooklyn, NY 11201-1804

      *Re:*   **Paccha v. APS Electric, Inc.,** *et al.*
            **Case No: 1:23-cv-2075 (NRM) (MMH)**
            <u>**MLLG File No.: 86-2023**</u>

Dear Judge Morrison:

      This office represents the Defendants APS Electric, Inc. (hereinafter "APS" or the "Corporate Defendant") and Mikhail Mikhaylov (hereinafter "Mikhaylov" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") in the above-referenced case. <u>See</u> Docket Entry 11. Defendants write pursuant to § 5.1 of this Court's Individual Practice Rules to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss and compel arbitration.

**<u>Plaintiff's Complaint Must Be Dismissed & He Must Be Ordered to Arbitrate His Dispute</u>**

      In June 2017, the Plaintiff signed an arbitration agreement as a condition of its working relationship with the Defendants. As such, this complaint must be dismissed and Plaintiff must proceed with his claims in arbitration.

      There is a strong federal policy favoring arbitration agreements. <u>See</u> <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983). This policy favoring arbitration is particularly pronounced in the labor and employment field. <u>See</u> <u>Connecticut Light & Power Co. v. Local 420, Int'l Brotherhood of Electrical Workers</u>, 718 F.2d 14, 19 (2d. Cir. 1983).

      There are four (4) elements for the Court to analyze on a motion to dismiss and compel arbitration: (1) whether the parties in fact agreed to arbitrate; (2) the scope of the arbitration agreement; (3) if the parties assert federal statutory claims, whether Congress intended those claims to be non-arbitrable; and (4) if the court concludes that some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration. <u>See</u> <u>Application of Whitehaven S.F., LLC v. Spangler</u>, No. 13-CIV.-8476 (ER), 2014 WL 4494168, at *6 (S.D.N.Y. Sep. 10, 2014) (<u>citing</u> <u>JLM Indus., Inc. v. Stolt–Nielsen SA</u>, 387 F.3d 163, 169 (2d Cir. 2004); <u>accord</u> <u>Champion Auto Sales, LLC v. Polaris Sales Inc.</u>, 943 F.Supp.2d 346, 351 (E.D.N.Y. 2013).

On the first factor, courts employ "ordinary principles of contract and agency" in order to determine whether the parties have agreed to arbitrate. See Chanchani v. Salomon/Smith Barney, Inc., No. 99-CIV.-9219 (RCC), 2001 WL 204214, at *2 (S.D.N.Y. Mar. 1, 2001) (citing Thomson–CSF S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776–77 (2d Cir. 1995).

Here, Defendants submit that Plaintiff signed an arbitration agreement on June 6, 2017. See copy of executed agreement annexed hereto as **Exhibit "A."** Accordingly, Defendants will satisfy the first factor on the grounds that there is no dispute Plaintiff agreed to arbitrate his claims. Further, Plaintiff thereafter continued his employment, thereby binding himself to the arbitration policy's terms. See Chanchani, 2001 WL 204214 at *2.; see also Gonzalez v. Toscorp, Inc., No. 97-CIV.-8158 (LAP), 1999 WL 595632, at *1, *2 (S.D.N.Y. Aug. 5, 1999) (finding that even in the absence of a written agreement to arbitrate, an employee who receives an arbitration policy and continues his employment is bound by its terms).

With regard to the other elements, the scope of the instant arbitration agreement covers this case, as it clearly states that it applies to any dispute alleging claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), resulting in fulfillment of the second element. The third element is satisfied because there is nothing to suggest that Congress intended wage-and-hour and/or discrimination claims to be non-arbitrable, and Courts have routinely held that they are arbitrable. Regarding the fourth element, all claims should be arbitrable because they are all covered by the scope of the arbitration agreement such that this factor does not enter the analysis.

For each of the reasons set forth above, Defendants respectfully request a pre-motion conference to discuss their anticipated motion to dismiss and compel arbitration. Defendants also respectfully request a stay of this case *sine die* until this motion has been decided. Defendants thank this honorable Court for its time and attention to this case

Dated: Lake Success, New York
June 1, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*
*APS Electric, Inc. and*
*Mikhail Mikhaylov*

**VIA ECF**
Fisher Taubenfeld LLP
<u>Attn:</u> Michael Taubenfeld, Esq.
225 Broadway, Suite 1700
New York, NY 10007-3000
michael@fishertaubenfeld.com

*Attorneys for Plaintiff*
*Juan Paccha*