# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

June 15, 2023

**VIA ECF**
Hon. Nina R. Morrison
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: Paccha v. APS Electric, Inc. et al
            Case No.: 23-cv-2075 (NRM)(MMH)

Dear Judge Morrison:

    This firm represents Plaintiff in the above-captioned matter. We write to respond to Defendants' June 1, 2023 pre-motion letter requesting that Plaintiff be compelled to arbitrate his claims.

**I. Statement of Facts**

    **A. Facts Underlying the Suit.**

    Plaintiff worked for Defendants as a mechanic for sixteen years regularly working more than 40 hours per week. Defendants failed to pay Plaintiff time and a half for all of his hours worked above 40 per week, and also failed to provide him with proper wage statements. After Plaintiff was injured at work on June 3, 2021, he required time off work and to undergo physical therapy. While he was still undergoing physical therapy, Defendants terminated Plaintiff. Plaintiff has brought claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the New York State Human Rights Law ("NYSHRL")[1], and the New York City Human Rights Law ("NYCHRL") against his former employer for failure to pay wages and provide pay statements, as well as for discrimination and retaliation on the basis of disability.

---

[1] Plaintiff also asserted claims under the Americans with Disabilities Act ("ADA") but will not be pursuing those claims.

### B. The Arbitration Agreement.

Plaintiff signed an arbitration agreement in 2017. Plaintiff, who has an 11th grade education, had limited English reading/writing skills when he signed the agreement and needed any legal document translated into Spanish to understand it. Plaintiff was never provided with a version of this agreement in his native language. Instead, Defendant Giana presented the agreement to him during a shift and told him he had to sign that day because he allegedly did not have lawful status to work in the United States and could not continue working there without signing the arbitration agreement. Defendant Giana did not explain the terms of the agreement to Plaintiff or give him a chance to get it translated. Plaintiff was not aware that the agreement affected his rights and did not understand the impact it could have on his ability to bring litigation against his employer.

Under the arbitration agreement, Plaintiff is required to arbitrate various employment-related claims against Defendants before the ADR Systems of America. The arbitration agreement contains onerous terms. Particularly, under the agreement, all claims must be brought within six months rather than the far-longer statutory statutes of limitations for employment law cases. The statutes of limitations for bringing claims under the statutes at issue here range from three years to six years.  Further, under the agreement, all arbitration fees are split equally between Defendants and Plaintiff, unless a determination is made that Plaintiff was Defendants' employee, in which case Defendants will cover all fees aside from the first $1,000.00.

## II. The Court Should Decline to Compel Arbitration or Alternatively Sever The Provisions Limiting the Statute of Limitations and Requiring Plaintiff to Potentially Pay Tens of Thousands of Dollars to Arbitrate.

### A. No Agreement Was Formed Because There Was No Meeting of the Minds Between the Parties.

There was no meeting of the minds between the parties and therefore the arbitration agreement is unenforceable.  A binding contract requires "a meeting of the minds of the parties, and if there is no meeting of the minds on all essential terms, there is no contract." Solis v. ZEP LLC, No. 19CV4230 (JGK), 2020 WL 1439744, at *4 (S.D.N.Y. Mar. 24, 2020). A party who is not literate in the language of an agreement "cannot be bound by the arbitration agreement unless he had a meaningful opportunity to have the document translated." Id. at *5 (finding no meeting of the mind when an English-illiterate employee was presented with an arbitration agreement by his boss). Plaintiff has limited English-speaking skills and could read very limited English in 2017. Further, Plaintiff was also denied a meaningful opportunity to have the agreement translated. Defendant Giana presented the agreement to him and told him he had to sign it that day or he would be fired because of his immigration status. He was given no opportunity to take the agreement to an attorney or an English-literate family member or friend. Accordingly, the agreement was not validly formed, and the Court should deny the motion to compel.

**B. If the Court Finds a Valid Agreement, Some Terms of the Arbitration Agreement at Issue are Unconscionable**

If the Court finds that an agreement was formed, it should strike the provisions requiring Plaintiff to pay fees and shortening the statute of limitations. Under the agreement, Plaintiff may be required to cover half of the arbitration costs, which can be tens of thousands of dollars, and only potentially be reimbursed later on if the arbitrator finds that he is an employee. Courts regularly strike arbitration provisions requiring the payment of significant arbitration fees. Crespo v. Kapnisis, No. 21-CV-6963 (BMC), 2022 WL 2916033, at *6 (E.D.N.Y. July 25, 2022) (striking fee provision when the arbitration fees were substantial). Further, courts also strike provisions that shorten statutory limitation periods. With regards to the FLSA and NYLL, courts have consistently held that arbitration provisions shortening the limitations period to bring FLSA and NYLL claims are unenforceable. Id. at *5. The Court should also strike the limitation periods as to Plaintiff's NYSHRL and NYCHRL claims since shortening the statute of limitations would impair Plaintiff's substantive rights. Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 125 (2d Cir. 2010) (noting that an arbitration provision limiting the period in which to bring a Title VII claim was likely unenforceable).

We thank the Court for its consideration of this submission.

Respectfully submitted,

---------------/s/------------

Michael Taubenfeld