UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN PACCHA,

                                                       **Case No.:** 1:23-cv-2075 (NRM) (MMH)

                    Plaintiff,

      -against-

APS ELECTRIC, INC., MIKHAIL MIKHAYLOV,
and JANE DOE a/k/a GIANA,

                    Defendant.
------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
# THEIR MOTION TO DISMISS AND TO COMPEL ARBITRATION

                                                    **MILMAN LABUDA LAW GROUP PLLC**
                                                    Emanuel Kataev, Esq.
                                                    3000 Marcus Avenue, Suite 3W8
                                                    Lake Success, NY 11042-1073
                                                    (516) 328-8899 (office)
                                                    (516) 303-1395 (direct dial)
                                                    (516) 328-0082 (facsimile)
                                                    emanuel@mllaborlaw.com

                                                    *Attorneys for Defendants*
                                                   *APS Electric Inc. and*
                                                   *Mikhail Mikhaylov*

**VIA ECF**
Fisher Taubenfeld LLP
<u>Attn:</u> Michael Taubenfeld, Esq.
225 Broadway, Suite 1700
New York, NY 10007-3000
michael@fishertaubenfeld.com

*Attorneys for Plaintiff*
*Juan Paccha*

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ....................................................................................1

II.  STATEMENT OF FACTS ............................................................................................2

III. STANDARD OF REVIEW ...........................................................................................4

IV.  ARGUMENT .................................................................................................................6

    A. The Parties Agreed to Arbitrate ............................................................................6

    B. This Dispute Falls Within the Scope of the Arbitration Agreement ..................8

    C. Congress Did Not Intend FLSA Claims to be
       Nonarbitrable; as such, this Court Need Not Decide
       Whether to Stay the Balance of the Proceedings Pending Arbitration ..........11

V.   CONCLUSION ...........................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

Ahmed v. Citibank, N.A.,
  2020 U.S. Dist. LEXIS 99699 (E.D.N.Y. June 2, 2020) ...................................................... 9

American Express Co. v. Italian Colors Restaurant,
  ____ U.S. ____, 133 S.Ct. 2304 (2013) ................................................................................ 5

Application of Whitehaven S.F., LLC v. Spangler,
  No. 13 CIV. 8476 (ER), 2014 WL 4494168 (S.D.N.Y. Sep. 10, 2014) ............................. 4

Arakawa v. Japan Network Group,
  56 F. Supp. 2d 349 (S.D.N.Y. 1999) .................................................................................... 6

Arrigo v. Blue Fish Commodities, Inc.,
  704 F. Supp. 2d 299 (S.D.N.Y. Feb. 4, 2010) ............................................................. 11, 12

AT&T Mobility, LLC v. Concepcion,
  ____ U.S. ____, 131 S.Ct. 1740 (2011) .............................................................................. 5

Awuah v. Coverall N. Am., Inc.,
  703 F.3d 36 (1st Cir. 2012) ................................................................................................... 7

Bensadoun v. Jobe-Riat,
  316 F.3d 171 (2d Cir. 2003) ................................................................................................. 5

Borrero v. Ruppert Hous. Co.,
  2009 U.S. Dist. LEXIS 52174, 2009 WL 1748060 (S.D.N.Y. June 19, 2009) ................ 10

Caley v. Gulfstream Aerospace Corp.,
  428 F.3d 1359 (11th Cir. 2005) ............................................................................................ 7

Champion Auto Sales, LLC v. Polaris Auto Sales Inc.,
  943 F. Supp. 2d 346 (E.D.N.Y. 2013) ................................................................................. 4

Chanchani v. Salomon/Smith Barney, Inc.,
  99 CIV. 9219 (RCC), 2001 WL 204214 (S.D.N.Y. Mar. 1, 2001) .................................... 6

Chang v. United Healthcare,
  2020 U.S. Dist. LEXIS 40457 (S.D.N.Y. Mar. 9, 2020) .................................................... 9

Chen-Oster v. Goldman, Sachs & Co.,
  2020 U.S. Dist. LEXIS 53302 (S.D.N.Y. Mar. 26, 2020) .................................................. 9

Ciago v. Ameriquest Mortgage Co.,
    295 F. Supp. 2d 324 (S.D.N.Y. 2003) ................................................................................ 11

Cox  v. Perfect Building Maintenance Corp.,
    2017 U.S. Dist. LEXIS 111202, 2017 WL 3049547 .................................................. 10, 11

D.H. Blair & Co. v. Gottdiener,
    462 F.3d 95 (2d Cir. 2006) .................................................................................................. 8

Fenton v. Criterion Worldwide,
    2020 U.S. Dist. LEXIS 54403 (S.D.N.Y. Mar. 27, 2020) ................................................... 9

Fuller v. Uber Tech. Inc.,
    2020 NY Slip Op 33188(U) (Sup. Ct., N.Y. County. Sept. 25, 2020) ...................... 9, 9 n. 2

Galli v. PriceWaterhouseCoopers LLP,
    2020 U.S. Dist. LEXIS 144513 (S.D.N.Y. Aug. 12, 2020) ................................................. 9

Germosen v. ABM Indus. Corp.,
    2014 U.S. Dist. LEXIS 119092, 2014 WL 4211347 (S.D.N.Y. Aug. 26, 2014) ......... 10, 12

Gilmer v. Interstate/Johnson Lane Corp.,
    500 U.S. 20 (1991) ............................................................................................................ 10

Gonzalez v. Toscorp, Inc.,
    97 CIV. 8158 (LAP), 1999 WL 595632 (S.D.N.Y. Aug. 5, 1999) ................................... 12

Green Tree Fin. Corp.-Alabama v. Randolph,
    531 U.S. 79 (2000) .............................................................................................................. 6

Hamzaraj v. ABM Janitorial Ne. Inc.,
    2016 U.S. Dist. LEXIS 83216, 2016 WL 3571387 (S.D.N.Y. June 27, 2016) ........... 10, 11

Havens v. Hartford Fin. Servs. Group,
    2020 U.S. Dist. LEXIS 45083 (S.D.N.Y. Mar. 13, 2020) ................................................... 9

In re Am. Express Merchants' Litig.,
    634 F.3d 187 (2d Cir. 2011) ................................................................................................ 6

JLM Indus., Inc., v. Stolt-Nielsen SA,
    387 F.3d 163 (2d Cir. 2004) ................................................................................................ 4

Johnson v. Thruway Speedways, Inc.,
    63 A.D.2d 204, 407 N.Y.S.2d 81 (N.Y. App. Div. 1978) .................................................. 7

Jones v. Weibrecht,
    901 F.2d 17 (2d Cir. 1990) .................................................................................................. 8

Katz v. Cellco P'ship,
    12 CIV. 9193 (VB), 2013 WL 6621022 (S.D.N.Y. Dec. 12, 2013) ................................... 7

King v. Stage 29 Prods., LLC,
    2020 U.S. Dist. LEXIS 116073 (S.D.N.Y. July 1, 2020) ................................................... 9

LaVoice v. UBS Fin. Servs., Inc.,
    11 CIV. 2308 (BSJ) (JLC), 2012 WL 124590 (S.D.N.Y. Jan. 13, 2012) ........................... 6

Latif v. Morgan Stanley & Co. LLC,
    2019 U.S. Dist. LEXIS 107020 (S.D.N.Y. June 26, 2019) ..................................... 9, 9 n. 2

Martin v. SCI Mgmt. L.P.,
    296 F. Supp. 2d 462 (S.D.N.Y. 2003) ............................................................................. 11

Mazza Consulting Group v. Canam Steel Corp.,
    No. 08 CIV. 38 (NGG), 2008 WL 1809313 (E.D.N.Y. Apr. 21, 2008) ............................. 5

McCaddin v. Southeastern Marine Inc.,
    567 F. Supp. 2d 373 (E.D.N.Y. 2008) ............................................................................... 5

Metzler v. Harris Corp.,
    No. 00 CIV. 5847 (HB), 2001 WL 194911 (S.D.N.Y. Feb. 26, 2001) .............................. 9

Morales v. Sun Contractors, Inc.,
    541 F.3d 218 (3d Cir. 2008) ............................................................................................... 7

Nunez v. Citibank, N.A.,
    08 CIV. 5398 (BSJ), 2009 WL 256107 (S.D.N.Y. Feb. 3, 2009) ...................................... 6

Raiola v. Union Bank of Switz., LLC,
    47 F. Supp. 2d 499 (S.D.N.Y. Apr. 29, 1999) ................................................................. 12

Randle v. Conduent Inc.,
    2020 U.S. Dist. LEXIS 68162 (W.D.N.Y. Apr. 17, 2020) ................................................. 9

Rent-A-Center, West, Inc. v. Jackson,
    561 U.S. 63, 130 S.Ct. 2772 (2010) ................................................................................... 5

Reynolds v. de Silva,
    09 CIV. 9218 (CM), 2010 WL 743510 (S.D.N.Y. Feb. 24, 2010) .............................. 6, 11

Ricketts v. Natl. Debt Relief LLC & Stephen Nazario,
    2019 N.Y. Misc. LEXIS 11437 (Sup. Ct., Bronx County Oct. 4, 2019) ................. 9, 9 n. 2

Savarese v. J.P. Morgan Chase,
    2016 U.S. Dist. LEXIS 159765, 2016 WL 7167968 (E.D.N.Y. Nov. 16, 2016).............. 11

Savarese v. J.P. Morgan Chase,
    2016 U.S. Dist. LEXIS 169982, 2016 WL 7176601 (E.D.N.Y. Dec. 7, 2016)................ 11

Sinnett v. Friendly Ice Cream Corp.,
    319 F. Supp. 2d 439 (S.D.N.Y. 2004)................................................................................ 8

Steele v. L.F. Rothschild & Co.,
    701 F. Supp. 407 (S.D.N.Y. 1988) .............................................................................. 8, 11

Stern v. eSpeed, Inc.,
    2006 U.S. Dist. LEXIS 68655 (S.D.N.Y. Sep. 22, 2006).................................................. 7

Sutherland v. Ernst & Young, LLP,
    726 F.3d 290 (2d Cir. 2013)............................................................................................. 5

Sydnor v. Conseco Fin. Servicing Corp.,
    252 F.3d 302(4th Cir. 2001) ............................................................................................. 7

Tantaros v Fox News Network, LLC,
    2021 U.S. App. LEXIS 25885 (2d Cir Aug. 27, 2021)................................................ 9 n. 2

The Bremen v. Zapata Off-Shore Co.,
    407 U.S. 1 (1972).............................................................................................................. 8

Thomson-CSF S.A. v. American Arbitration Ass'n,
    64 F.3d 773 (2d Cir. 1995)................................................................................................ 6

Veliz v. Collins Bldg. Servs., Inc.,
    2011 U.S. Dist. LEXIS 109351, 2011 WL 4444498 (S.D.N.Y. Sept. 26, 2011)........ 10, 12

Victorio v. Sammy's Fishbox Realty Co., LLC,
    2015 U.S. Dist. LEXIS 61421 (S.D.N.Y. May 6, 2015)..................................................... 7

Ward v. Ernst & Young U.S. LLP,
    2020 U.S. Dist. LEXIS 110252 (S.D.N.Y. June 23, 2020)................................................ 9

White v. WeWork Cos., Inc.,
    2020 U.S. Dist. LEXIS 102354 (S.D.N.Y. June 11, 2020).................................... 9, 9 n. 2

**Statutes**

9 U.S.C. § 1 ............................................................................................................................. 5

9 U.S.C. § 2 ......................................................................................................................... 1, 5

9 U.S.C. § 3 ............................................................................................................................ 1

9 U.S.C. § 4 ......................................................................................................................... 1, 5

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................... 1, 1 n. 1

I.      **PRELIMINARY STATEMENT**

Defendants APS Electric, Inc. ("APS") and Mikhail Mikhaylov (collectively the "Defendants") bring this motion to dismiss this action and compel Plaintiff Juan Paccha ("Plaintiff") to submit his claims to arbitration pursuant to an arbitration agreement he executed in June 2017 (the "Arbitration Agreement") as a condition of employment with APS.

The Arbitration Agreement requires Plaintiff to arbitrate his claims because (a) he agreed to submit all employment-related disputes with Defendants, including the claims at issue in the Complaint; (b) the claims, which all stem from employment-related to underpayment of wages and/or disability discrimination, fall within the scope of the Arbitration Agreement; and (c) Congress did not intend for any of the federal claims brought pursuant to the FLSA ("FLSA") and Americans with Disabilities Act ("ADA") to be non-arbitrable.

Further, Plaintiff indubitably executed the Arbitration Agreement and the circumstances under which he did so inexorably establish a meeting of the minds sufficient to enforce same.

As a result, because the causes of action Plaintiff asserts are all subject to the valid and binding Arbitration Agreement, his Complaint should be dismissed – in its entirety – and arbitration should be compelled under Rules 12(b)(1) and 12(b)(6)[1] of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and under §§ 2, 3 and 4 of the Federal Arbitration Act ("FAA").  Alternatively, pursuant to FAA § 3, Plaintiff's lawsuit must be stayed, in its entirety, pending the outcome of compulsory arbitration.

---

[1] To the extent this Court denies the instant motion (which it should not), Defendants respectfully reserve the right to move for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, on the grounds that, *inter alia,* (i) Plaintiff fails to sufficiently state a claim under the FLSA because he does not identify a single week in which he was not paid overtime compensation; (ii) Plaintiff's ADA claim must be dismissed for failure to exhaust administrative remedies; and (iii) Plaintiff's state law claims must be dismissed because this Court should decline to exercise supplemental jurisdiction over those claims.

1

## II.     STATEMENT OF FACTS

On March 27, 2023, Plaintiff filed the Complaint bringing various causes of action under the FLSA, the New York Labor Law ("NYLL"), on behalf of himself and a putative class of all other employees of Defendants, along with claims pursuant to the ADA, the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). See, generally, ECF Docket Entry 1 (hereinafter "Compl."). Plaintiff alleges that he was employed by Defendants until he was "functionally terminated" as of September 9, 2021. Compl. ¶¶ 48-49.

Since in or about April 2017, it has been the APS' policy to have all employees sign arbitration agreements as a condition of their employment. See Declaration of Genadi Tanfilov ("Tanfilov Decl.") ¶ 2. When a new employee commences employment with Defendants, the employee is presented with an employment application, federal I-9 form, federal W4 form, an employee handbook together with an acknowledgment form, and an Arbitration Agreement. Id. at ¶ 3. Though each employee is required to fill out I-9 and W4 forms upon commencing employment, the employees are not required nor pressured to sign the employment handbook receipt and acknowledgment nor the arbitration agreement if they have questions about it or wish to have the time to read it to understand it better before signing. Id. at ¶ 4.

Plaintiff was presented with the employee handbook and arbitration agreement to review and sign at a company-wide meeting held on April 17, 2023. See Id. at ¶ 24. Notice of a company-wide meeting was issued to all employees, including Plaintiff. See Id. at ¶ 25, Exhibit ("Ex.") A.

At that meeting, Plaintiff and all of APS' existing employees were presented with the APS employee handbook and the arbitration agreements. See Id. at ¶ 26. Plaintiff did not sign the arbitration agreement the day of the meeting, nor did he sign the company meeting sign-in sheet that all of the other employees signed. See Id. at ¶ 29, Ex. B.

2

As a result, follow up requests were made to Plaintiff, and he eventually signed the Arbitration Agreement on June 6, 2017. See Id. at ¶¶ 30-32, Ex. C.

The Arbitration Agreement sets forth, in relevant part, as follows:

> In consideration of being given an opportunity to perform services for [APS], its promise to arbitrate all work-related disputes and my receipt of compensation and fees for services rendered paid to me by APS, at present and in the future, I agree that any and all controversies, claims, or disputes with anyone (including the APS, its affiliates, successors subsidiaries, and/or parent companies and their officers, directors, shareholders ,members, managers, and employees) arising out of, relating to, or resulting from my performance of services for APS or the termination thereof, including any breach of this agreement, shall be subject to binding arbitration under the Federal Arbitration Act and pursuant to New York law. Disputes which I agree to arbitrate, and thereby agree towaive any right to a trial by jury, include any statutory claims under state or federal law, including, but not limited to, claims arising under … the Americans with Disabilities Act of 1990; … Fair Labor Standards Act, as amended, … the New York State Human Rights Law, New York State Executive Law, the New York City Administrative Code and any other applicable Federal, State and local statutes including but not limited to discrimination, labor and wage statutes …. I further understand that this agreement to arbitrate also applies to any disputes that APS may have with me.
>
> …
>
> Accordingly, except as provided for by this Agreement, neither the APS nor I will be permitted to pursue court action regarding claims that are subject to arbitration …

See Id. at ¶ 32, Ex. C.

Defendants instituted the Arbitration Agreement as a requirement and condition of all employees' employment in or about April 2017. See Id. at ¶ 2. After doing so, it became Defendants' policy to personally present the Arbitration Agreement to every single employee, whether they were new hires or existing employees, and provide an explanation as to what those documents were. See Id. at ¶¶ 9-14.

Generally speaking, employees who had no questions about the Arbitration Agreement signed the requisite forms on the same day they were presented with them. See Id. at ¶ 15.

Employees would not immediately sign the documents, however, if: (a) they had questions about the documents and wanted more time to review them, to which there was no objection; (b) they stated they did not understand the document and wished to ask someone other than APS to explain it to them; or (c) they wanted a few days to review the documents before signing.  See Id. at ¶¶ 16-19.  The employees are never pressured to sign the agreements immediately, nor have any demands been made with respect to their execution.  See Id. at ¶ 20.  This is so because, regardless of whether the employees sign the Arbitration Agreements, APS' mandatory employment policies are nonetheless conditions of employment or continued employment for all employees.  See Id. at ¶ 32, Ex. C.  Generally, it is APS' practice to ask an employee about the Arbitration Agreement and inform the employee that APS needs the documents signed if not executed within three (3) days.  See Id. at ¶ 21.  All employees, including Plaintiff, speak at least basic English, and Plaintiff had a sufficient understanding of the English language such that management was able to communicate with him and he was able to respond in English.  See Id. at ¶¶ 34-38.

### III.     STANDARD OF REVIEW

Courts in this Circuit must determine four (4) issues in the context of a motion to compel arbitration: (i) whether the parties in fact agreed to arbitrate; (ii) the scope of the arbitration agreement; (iii) if the parties assert federal statutory claims, whether Congress intended those claims to be non-arbitrable; and (iv) if the court concludes that some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration. See Application of Whitehaven S.F., LLC v. Spangler, No. 13-CIV.-8476 (ER), 2014 WL 4494168, at *6 (S.D.N.Y. Sep. 10, 2014) (citing JLM Indus., Inc. v. Stolt–Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004); Champion Auto Sales, LLC v. Polaris Sales Inc., 943 F. Supp. 2d 346, 351 (E.D.N.Y. 2013).

The Court must evaluate a motion to compel arbitration pursuant to the FAA, 9 U.S.C. § 4, under a standard similar to the standard for a summary judgment motion. See McCaddin v. Southeastern Marine Inc., 567 F. Supp. 2d 373 (E.D.N.Y. 2008) (citing Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003); see also Mazza Consulting Group v. Canam Steel Corp., No. 08-CV-38 (NGG), 2008 WL 1809313, at *1 (E.D.N.Y. Apr. 21, 2008). "When such a motion is opposed on the ground that no agreement to arbitrate has been made between the parties, a district court should give the opposing party the benefit of all reasonable doubts and inferences that may arise." Mazza Consulting Group, 2008 WL 1809313, at *1.

Pursuant to the FAA, 9 U.S.C. § 1, *et seq.*, this Court's analysis must begin and end with the arbitration agreement and its express provision compelling arbitration of all claims that arise between Plaintiff and Defendants. See 9 U.S.C. § 2 ("A written provision in any…contract … to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."); see also Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304 (U.S. 2013) (holding that "[t]he text [of the Federal Arbitration Act] reflects the overarching principle that arbitration is a matter of contract"); Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 67 (2010).

The FAA unequivocally compels courts to "rigorously enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes, and the rules under which arbitration will be conducted." See Italian Colors, 133 S.Ct. at 2309 (2013) (internal quotations and citations omitted); see also Id. at 2308-09, citing AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (U.S. 2011); Sutherland v. Ernst & Young, LLP, 726 F.3d 290 (2d Cir. 2013) (*per curiam*) (FLSA/NYLL case citing decision in Italian Colors, *supra*, and enforcing the arbitration agreement).

The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." See Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 91 (2000) (internal citations omitted); see also In re Am. Express Merchants' Litig., 634 F.3d 187, 191 (2d Cir. 2011) (abrogated on other grounds). "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." LaVoice v. UBS Fin. Servs., Inc., 11 CIV. 2308 (BSJ) (JLC), 2012 WL 124590, at *2 (S.D.N.Y. Jan. 13, 2012) (quoting Nunez v. Citibank, N.A., 08 CIV. 5398 (BSJ), 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009) (internal citations omitted).

However, where all of the claims asserted are subject to arbitration, the Court should dismiss rather than stay the case. See, e.g., Reynolds v. de Silva, 09-CIV.-9218 (McMahon, J.), 2010 WL 743510, at *8 (S.D.N.Y. Feb. 24, 2010) (noting that "[a]ll courts of which we are aware have followed the rule that, [w]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings").

## IV. ARGUMENT

### A. The Parties Agreed to Arbitrate.

With respect to the first factor – whether the parties in fact agreed to arbitrate – courts employ "ordinary principles of contract and agency" in order to determine whether the parties have agreed to arbitrate. See Chanchani v. Salomon/Smith Barney, Inc., No. 99 CIV. 9219 (RCC), 2001 WL 204214, at *2 (S.D.N.Y. Mar. 1, 2001) citing Thomson–CSF S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776–77 (2d Cir. 1995). A party generally will be held to a signed contract unless she can demonstrate special circumstances, such as duress or coercion, that contradict her intent to be bound. Id. citing Arakawa v. Japan Network Group, 56 F. Supp. 2d 349, 352 (S.D.N.Y.1999) (applying New York law)

6

The party "seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." See Victorio v. Sammy's Fishbox Realty Co., LLC, 2015 U.S. Dist. LEXIS 61421, 27-28 (S.D.N.Y. May 6, 2015). "[I]t is settled under New York law that "a party will not be excused from his failure to read and understand the contents" of a document. Id. at 28 quoting Johnson v. Thruway Speedways, Inc., 63 A.D.2d 204, 407 N.Y.S.2d 81, 83 (N.Y. App. Div. 1978). The general rule under New York law is that "a party who executes a contract is considered bound by the terms of that contract." Id. quoting Stern v. eSpeed, Inc., 2006 U.S. Dist. LEXIS 68655 (S.D.N.Y. Sep. 22, 2006). Here, the parties in this action entered into a binding contract which expressly provides that the parties agree to submit all claims and disputes – including the claims that Plaintiffs brought in this action – to arbitration and to waive their rights to seek relief in such disputes in Court. As discussed *supra*, Plaintiff signed the Arbitration Agreement in June 2017. Plaintiff has not disputed this fact and admitted same in his opposition to Defendants' request for a pre-motion conference. See ECF Docket Entry 14.

Furthermore, there is no requirement that such arbitration agreements be signed knowingly and voluntarily. See Katz v. Cellco P'ship, No. 12 CV 9193 (VB), 2013 WL 6621022, at *13 (S.D.N.Y. Dec. 12, 2013) (citations omitted). In fact, countless Circuit Courts have held so. See Morales v. Sun Contractors, Inc., 541 F.3d 218, 224 (3d Cir. 2008) ("applying a heightened 'knowing and voluntary' standard to arbitration agreements would be inconsistent with the FAA"); Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1372 & 1371 n. 12 (11th Cir. 2005) (concluding "… no heightened 'knowing and voluntary' standard applies"); Sydnor v. Conseco Fin. Servicing Corp., 252 F.3d 302, 307 (4th Cir. 2001) (declining to apply "a more demanding standard" to enforce arbitration agreement); see also Awuah v. Coverall N. Am., Inc., 703 F.3d 36, 44 (1st Cir. 2012) (no heightened notice requirement to enforce agreement to arbitrate).

A party seeking to enforce such an agreement need only show that it reasonably communicated the provision to the party it seeks to enforce it against. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006). "Second, a forum-selection clause will be upheld unless 'the clause was obtained through fraud or overreaching.' " Id. (quoting Jones v. Weibrecht, 901 F.2d 17, 18 (2d Cir.1990) (citing The Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15 (1972)). "Finally, unless it is clearly shown that 'enforcement would be unreasonable and unjust,' forum-selection clauses will be enforced." Id. (quoting The Bremen, 407 U.S. at 15).

### B. This Dispute Falls Within the Scope of the Arbitration Agreement.

Plaintiff alleges nine (9) causes of action which center around unpaid wages or disability discrimination in violation of federal, state and/or city law. The parties here can and did agree to submit FLSA, NYLL, ADA, NYSHRL and NYCHRL claims to arbitration. The Agreement directs the parties to submit to arbitration all disputes that concern "any and all controversies, claims, or disputes … arising out of, relating to, or resulting from [Plaintiff's] performance of services for APS or the termination thereof" and explicitly cites to the ADA, FLSA, NYSHRL, NYCHRL and "any other applicable Federal, State and local statutes including but not limited to discrimination, labor and wage statutes …" (e.g. the NYLL).

Courts have recognized and enforced parties' decisions to arbitrate FLSA and NYLL claims. See Steele v. L.F. Rothschild & Co., 701 F. Supp. 407, 408 (S.D.N.Y. 1988) (compelling arbitration of FLSA claims); see also Sinnett v. Friendly Ice Cream Corp., 319 F. Supp. 2d 439, 445 (S.D.N.Y. 2004) (finding that "[plaintiff] did not waive any of his rights under the FLSA by entering into an arbitration agreement; rather he has agreed to have those rights adjudicated in an alternative forum than this Court" and therefore "claims brought under the FLSA may be addressed pursuant to an arbitration provision").

8

Courts have similarly compelled arbitration of claims asserted under the NYLL. See Metzler v. Harris Corp., No. 00 CIV 5847 (HB), 2001 WL 194911, at *5 (S.D.N.Y. Feb. 26, 2001).

Notably, Courts also routinely recognize and enforce parties' agreements to arbitrate discrimination claims under the ADA, NYSHRL, and/or NYCHRL. See White v. WeWork Cos., Inc., 2020 U.S. Dist. LEXIS 102354 (S.D.N.Y. June 11, 2020); Latif v. Morgan Stanley & Co. LLC, 2019 U.S. Dist. LEXIS 107020 (S.D.N.Y. June 26, 2019); Fuller v. Uber Tech. Inc., 2020 NY Slip Op 33188(U) (Sup. Ct., N.Y. County. Sept. 25, 2020); Ricketts v. Natl. Debt Relief LLC & Stephen Nazario, 2019 N.Y. Misc. LEXIS 11437 (Sup. Ct., Bronx County Oct. 4, 2019)[2]; Galli v. PriceWaterhouseCoopers LLP, 2020 U.S. Dist. LEXIS 144513 (S.D.N.Y. Aug. 12, 2020); King v. Stage 29 Prods., LLC, 2020 U.S. Dist. LEXIS 116073 (S.D.N.Y. July 1, 2020); Ward v. Ernst & Young U.S. LLP, 2020 U.S. Dist. LEXIS 110252 (S.D.N.Y. June 23, 2020); Randle v. Conduent Inc., 2020 U.S. Dist. LEXIS 68162 (W.D.N.Y. Apr. 17, 2020); Fenton v. Criterion Worldwide, 2020 U.S. Dist. LEXIS 54403 (S.D.N.Y. Mar. 27, 2020); Chen-Oster v. Goldman, Sachs & Co., 2020 U.S. Dist. LEXIS 53302 (S.D.N.Y. Mar. 26, 2020); Havens v. Hartford Fin. Servs. Group, 2020 U.S. Dist. LEXIS 45083 (S.D.N.Y. Mar. 13, 2020); Ahmed v. Citibank, N.A., 2020 U.S. Dist. LEXIS 99699 (E.D.N.Y. June 2, 2020); Chang v. United Healthcare, 2020 U.S. Dist. LEXIS 40457 (S.D.N.Y. Mar. 9, 2020).

---

[2] The courts in White, Latif, Fuller, and Ricketts rejected arguments that amendments to New York Civil Practice Law & Rules ("CPLR") § 7515 in 2018 prohibiting employers from requiring individuals to arbitrate sexual harassment claims precludes arbitration of Plaintiff's sexual harassment claims because the FAA preempts CPLR § 7515. The Second Circuit recently affirmed this conclusion. See Tantaros v Fox News Network, LLC, 2021 U.S. App. LEXIS 25885 (2d Cir Aug. 27, 2021).

9

Third, as to the question of whether Congress intended the statutory claims at issue to be arbitrable, case law has repeatedly held that the FAA reflects a congressional intent to arbitrate statutory discrimination claims. See, e.g., Hamzaraj v. ABM Janitorial Ne. Inc., 2016 U.S. Dist. LEXIS 83216, 2016 WL 3571387, at *4 (S.D.N.Y. June 27, 2016) (citing cases); see also Cox v. Perfect Building Maintenance Corp., 2017 U.S. Dist. LEXIS 111202, 2017 WL 3049547, at *3-4 (claims under the NYSHRL and NYCHRL are subject to mandatory arbitration); Germosen v. ABM Indus. Corp., 2014 U.S. Dist. LEXIS 119092, 2014 WL 4211347, at *6 (S.D.N.Y. Aug. 26, 2014) ("claims arising under Title VII, the ADA, the NYSHRL and the NYCHRL … are equally susceptible to mandatory arbitration agreements" and citing cases); accord Veliz v. Collins Bldg. Servs., Inc., 2011 U.S. Dist. LEXIS 109351, 2011 WL 4444498, at *3 (S.D.N.Y. Sept. 26, 2011); Borrero v. Ruppert Hous. Co., 2009 U.S. Dist. LEXIS 52174, 2009 WL 1748060, at *2 (S.D.N.Y. June 19, 2009).

Thus, it follows that the Arbitration Agreements compel Plaintiff to submit the claims brought in this action to arbitration. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23, 35 (1991) (holding that a claim arising under the ADEA fell within the scope of the parties agreement to submit "any dispute, claim or controversy arising between [plaintiff] and [defendant]").

Accordingly, this Court must weigh this second factor – whether Plaintiffs claims fall within the scope of the Agreement's arbitration provision – in favor of dismissing this action and compelling arbitration.

### C. Congress Did Not Intend ADA & FLSA Claims to be Non-arbitrable and as such, This Court Need Not Decide Whether to Stay the Balance of the Proceedings Pending Arbitration.

As a general principle, "It is well settled that federal statutory claims can be the subject of arbitration, absent a contrary congressional intent." See Reynolds, 2010 WL 743510, at *5 (citations omitted).

"The burden of showing such legislative intent lies with the party opposing arbitration." Id. (citations omitted). Courts in this District have repeatedly found FLSA claims to be arbitrable. Id. (citing Arrigo v. Blue Fish Commodities, Inc., 704 F. Supp. 2d 299, 304 (S.D.N.Y. Feb. 4, 2010) (concluding that "Congress did not intend FLSA claims to be non-arbitrable"); Martin v. SCI Mgmt. L.P., 296 F. Supp. 2d 462, 467 (S.D.N.Y. 2003) (finding "no indication" that Congress intended plaintiff's FLSA claim to be nonarbitrable); Ciago v. Ameriquest Mortgage Co., 295 F. Supp. 2d 324, 332 (S.D.N.Y. 2003) ("Congress has not evinced an intention to preclude arbitration of FLSA claims."); Steele, 701 F. Supp. at 408 (compelling arbitration of FLSA claims).

Moreover, "Courts have consistently found that claims under … the ADA are arbitrable." Savarese v. J.P. Morgan Chase, 2016 U.S. Dist. LEXIS 159765, at *21, 2016 WL 7167968, at *7 (E.D.N.Y. Nov. 16, 2016), *adopted by*, 2016 U.S. Dist. LEXIS 169982, 2016 WL 7176601 (E.D.N.Y. Dec. 7, 2016).

Similarly, caselaw has repeatedly held that the FAA reflects the congressional intent to arbitrate statutory discrimination claims including those filed under the NYSHRL and NYCHRL. See, e.g., Hamzaraj v. ABM Janitorial Ne. Inc., 2016 U.S. Dist. LEXIS 83216, 2016 WL 3571387, at *4 (S.D.N.Y. June 27, 2016) (citing cases); see also Cox, 2017 U.S. Dist. LEXIS 111202, 2017 WL 3049547, at *3-4 (claims under the NYSHRL and NYCHRL are subject to mandatory arbitration).

11

Furthermore, claims arising under Title VII, the ADA, the NYSHRL and the NYCHRL are equally susceptible to mandatory arbitration agreements. See Germosen v. ABM Indus. Corp., 2014 U.S. Dist. LEXIS 119092, 2014 WL 4211347, at *6 (S.D.N.Y. Aug. 26, 2014) (collecting cases); *accord* Veliz v. Collins Bldg. Servs., Inc., 2011 U.S. Dist. LEXIS 109351, 2011 WL 4444498, at *3 (S.D.N.Y. Sept. 26, 2011).

Because Congress did not intend for either the ADA or FLSA claims to be nonarbitrable – as Courts have held – an Order dismissing the Complaint is warranted as opposed to staying the balance of the proceedings pending arbitration. See Arrigo, 704 F. Supp. 2d at 304-05 (holding that "[t]he FAA directs the district court, 'on application of one of the parties,' to enter a stay in a case where the asserted claims are 'referable to arbitration[;]' [h]owever, [a]ll courts of which we are aware have followed the rule that, '[w]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings'"); Gonzalez v. Toscorp Inc., 1999 U.S. Dist. LEXIS 12109 (S.D.N.Y. Aug. 5, 1999)(granting motion to compel arbitration of employment discrimination claims and dismissing the complaint without prejudice to reinstatement in the event post-arbitral proceedings became necessary); Raiola v. Union Bank of Switz., LLC, 47 F. Supp. 2d 499 (S.D.N.Y. Apr. 29, 1999) (granting motion to compel arbitration of employment discrimination claims and dismissing complaint without prejudice to its reinstatement in the event further proceedings were required after arbitration).[3]

Accordingly, the Complaint should be dismissed in its entirety.

---

[3] To the extent that arbitration is required, but dismissal of the Complaint is not warranted, Defendants request that the Court stay the case and compel the parties to arbitrate the claims.

12


## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the action in its entirety with prejudice.

Dated: Lake Success, New York
      October 6, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*
*APS Electric Inc. and*
*Mikhail Mikhaylov*

**VIA ECF**
Fisher Taubenfeld LLP
<u>Attn:</u> Michael Taubenfeld, Esq.
225 Broadway, Suite 1700
New York, NY 10007-3000
michael@fishertaubenfeld.com

*Attorneys for Plaintiff*
*Juan Paccha*