# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN PACCHA, individually and on behalf of other similarly situated employees,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>APS ELECTRIC, INC., MIKHAIL MIKHAYLOV, and JANE DOE a/k/a GIANA,<br><br>　　　　　　Defendants. | Case No.: 1:23-cv-2075 (NRM) (MMH)<br><br><br>**SETTLEMENT AGREEMENT**<br>**AND RELEASE OF WAGE CLAIMS** |

　　　This Settlement Agreement and Wage and Hour Release (the "Agreement") is made and entered into by and between JUAN ERIBERTO PACCHA ("Plaintiff"), on the one hand, and APS ELECTRIC, INC. (the "Company"), MIKHAIL MIKHAYLOV, and GENADI TANFILOV (identified in the complaint as "JANE DOE a/k/a GIANA") (collectively referred to herein as "Defendants") on the other hand. Plaintiff and Defendants are collectively referred to herein as the "Parties."

　　　**WHEREAS**, Plaintiff worked for Defendants;

　　　**WHEREAS**, in March 2023, Plaintiff commenced a civil action in the United States District Court for the Eastern District of New York (the "Court") against Defendants by filing a Complaint captioned <u>Paccha v. APS Electric, Inc.</u>, Docket No. 1:23-cv-2075 (NRM) (MMH), (the "Complaint") alleging in part claims for unpaid wages under the Fair Labor Standards Act, 29 <u>U.S.C.</u> § 201, <u>et</u> <u>seq.</u> ("FLSA"); unpaid wages under the New York Labor Law ("NYLL"); and failure to notify under the NYLL;

　　　**WHEREAS**, Defendants moved to compel arbitration;

　　　**WHEREAS**, Plaintiff opposed Defendants' motion;

　　　**WHEREAS**, the parties were referred to mediation; and

　　　**WHEREAS**, the parties reached an agreement through the mediation process;

　　　**WHEREAS**, Defendants denied and continue to deny all of the material allegations asserted by Plaintiff in the Complaint and have denied and continue to deny that they or any of their current or former employees or officers jointly or individually violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff or otherwise; and

　　　**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation;

1

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are acknowledged, it is agreed as follows:

1. <u>Consideration and Allocation</u>. In full settlement and final satisfaction of any and all FLSA and NYLL wage-and-hour claims that Plaintiff had, has or may have against Defendants, including, but not limited to, those FLSA and NYLL wage-and-hour claims raised in the Action, and in consideration for the promises and obligations set forth herein, including, but not limited to, the release by Plaintiff set forth in Paragraph 3, the Parties agree that Defendants shall pay to Plaintiff and his counsel the total sum of $10,000.00 (hereinafter, the "Settlement Amount"). The Settlement Amount will be allocated as follows:

    (a) $6,666.67 to Plaintiff, for which a Form 1099 will be issued to Plaintiff; and

    (b) $3,333.33 to Fisher Taubenfeld LLP for attorneys' fees and expenses, for which an IRS Form 1099 will be issued to Plaintiff and Plaintiff's counsel. An IRS Form 1099 with amounts reported in Box 3, "Other Income," shall be issued to Plaintiff for his portion of the Settlement Amount.

The Settlement Payment shall be issued in three (3) monthly Installment Payments as follows:

    (a) The first installment shall be for $3,333.33. Of the $3,333.33, $2,222.22 shall be paid to Plaintiff and $1,111.11 shall be paid to Fisher Taubenfeld LLP.

    (b) The second installment shall be for $3,333.33. Of the $3,333.33, $2,222.22 shall be paid to Plaintiff and $1,111.11 shall be paid to Fisher Taubenfeld LLP.

    (c) The third and final installment shall be for $3,333.34. Of the $3,333.34, $2,222.23 shall be paid to Plaintiff and $1,111.11 shall be paid to Fisher Taubenfeld LLP.

Plaintiff agrees and affirms that the Settlement Payment shall constitute the entire amount of monetary consideration provided to him and his legal counsel, and that Plaintiff will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement. Plaintiff agrees, affirms, and acknowledges that he has been paid all wages and wage supplements and all other amounts owed to him for any reason by the Company.

All payments to Plaintiff shall be made to Juan Eriberto Paccha and all payments to Plaintiff's counsel shall be made to Fisher Taubenfeld LLP.

The first payment shall be due on or before the thirtieth (30th) day following each of the following conditions: 1) an agreement executed by Plaintiff; 2) Defendants' receipt of a W-9 form executed by Plaintiff, necessary for Defendants to process payment to Plaintiff; and 3) Defendants' receipt of Fisher Taubenfeld's W-9 form, necessary for Defendants to process payment to the firm under the terms and conditions of this Settlement Agreement. Each subsequent Payment shall be issued thirty (30) days after the preceding payment until such time when all three (3) installments collectively totaling $10,000.00 have been made.

In the event the Agreement is not approved by the Court as fair and reasonable within thirty (30) days following each of the above conditions, Defendants shall be excused from making any payments

until the Agreement is approved. Defendants' payment schedule shall then begin ten (10) days following Court Approval, and shall continue until all payments are made.

Defendants shall deliver all Settlement Checks described in this paragraph to Plaintiff's counsel at their office, Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

All Defendants shall be jointly and severally liable for any payments under the Agreement.

2. <u>Tax Treatment.</u> The parties agree that no withholdings will be made and Plaintiff further agrees that he will be responsible for any taxes due on the payments pursuant to this Agreement. Plaintiff agrees to indemnify and hold harmless Defendants and for any such liability should he not make tax payments as required by federal and New York State law. Plaintiff agrees and acknowledges that Defendants and their counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received by Plaintiff pursuant to this Agreement. Plaintiff further agrees that the allocation and characterization of the amounts comprising the Settlement Amount were made by Plaintiff. Plaintiff must ensure that all taxes related to his payments described above in this Agreement are paid. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required employee-side deductions or employee-side withholdings from the sums to be paid to a Plaintiff and their attorney under this Section 2 of this Agreement, that Plaintiff shall fully pay the assessment, including additional taxes, interest, penalties, and/or other liabilities or costs with respect to such payments attributable to them. Plaintiff indemnifies and holds Defendants harmless for any tax liabilities relating to the payment of the Settlement Amount. Defendants shall use best efforts to provide written notice of any applicable assessment to Plaintiff's attorney at: Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007 as soon as Defendants becomes aware of it.

3. <u>Release and Covenant Not to Sue.</u> In exchange for the payments identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, Plaintiff, on his own behalf and on behalf of his descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever agrees unconditionally to release and discharge Defendants and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives, and all persons acting in concert with them (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the New York Labor Laws, the Wage Theft Prevention Act, and/or any federal, state or local wage statute, regulation, government wage order, code, or ordinance concerning wage and hour matters, , from the beginning of time through the date of Plaintiff's execution of this Agreement. Plaintiff agrees that any person acting by, through or under him, such as his spouse, heirs, executors, administrators, representatives, and assigns, are also bound by his release of claims. Plaintiff agrees that he is releasing the claims set forth in this Paragraph, whether or not they are known to him at the time he signs this Agreement.

4. <u>No Admission of Liability.</u> Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement. This

3

Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties.

      5.      <u>Dismissal.</u> The Parties agree to cooperate in filing the Stipulation after it is executed by both Parties and this Agreement is approved by the Court. The Parties further agree that, to the extent that additional documentation is needed to obtain the Court's approval of this Agreement and/or dismiss all remaining claims, the Parties agree to execute and submit all documents required.

      6.      <u>No Pending Claims.</u> Plaintiff represents that there are no other pending lawsuits, charges or other claims of any nature whatsoever by Plaintiff against Defendants or any other Releasee (individually or collectively) in any state or federal court or any agency or other administrative body.

      7.      <u>Settlement Approval.</u>  The Parties intend for the Plaintiff to release any and all wage and hour claims he may have against Defendants, including claims under the FLSA and NYLL, , and therefore desire that this Agreement be approved by the United States District Court.  Accordingly, the Parties agree to file a Joint Motion for Approval of the Agreement after full execution of this Agreement. Court approval and dismissal of this Action is a material condition of this Agreement and the Parties' obligations hereunder.  Failure of the Court to approve this Agreement and enter the Parties' Stipulation and Order of Dismissal with Prejudice renders this Agreement null and void and no payments shall be made to Plaintiff or Plaintiff's Counsel pursuant to Paragraph 2 of the Agreement.  Notwithstanding the foregoing, the Parties agree to meet-and-confer in the event that the Court denies approval and to resubmit a joint letter motion for settlement approval upon revising any terms the Court does not approve.

      8.      <u>Enforceability.</u> If, at any time after the date of the execution of this Agreement, any provision thereof shall be held to be illegal, void or unenforceable by a court of competent jurisdiction, such provision shall be of no force and effect. However, the illegality or unenforceability of any such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement, except as provided in this Agreement; provided, however, that, upon any finding by a court of competent jurisdiction that the Release in this Agreement is illegal, void, or unenforceable, Plaintiff agrees to execute a release, waiver, and/or covenant that is legal and enforceable to effectuate the terms of this Agreement.

      9.      <u>Waiver.</u> The waiver by any Party of a breach of any provision hereof shall not operate or be construed as a waiver of any other breach by any Party.

      10.      <u>Modification of the Agreement.</u> This Agreement represents the complete understanding between the Parties, may not be changed orally, and supersedes any and all prior agreements between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises or agreements of any kind made to them in connection with their decision to sign this Agreement, except for those set forth in this Agreement. No other promises or agreements shall be binding or shall modify this Agreement unless signed by the Parties hereto, or counsel for and on behalf of the Parties.

      11.      <u>Binding Nature of Agreement.</u> This Agreement is binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, administrators, successors and assigns.

      12.      <u>Counterparts.</u> This Agreement may be executed in several counterparts, each of which shall be deemed an original and electronic signatures including all Docusign signatures shall also be considered an original signature.

13. <u>Prevailing Party</u>. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party or parties shall recover the costs and reasonable attorneys' fees from the opposing party or parties.

14. <u>Governing Law.</u> This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York without regard to laws governing conflicts of law. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. For the purposes of any suit, action or proceeding involving this Agreement, the Parties hereby submit to the United States District Court for the Eastern District of New York, and they agree that such court shall have exclusive jurisdiction over any suit, action, or proceeding involving this Agreement.

15. <u>Voluntary Agreement</u>. By signing in the space provided below, Plaintiff agrees and affirms that:

    a. This Agreement is legally binding, and by signing it, Plaintiff understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

    b. Plaintiff was given at least twenty-one (21) days to review, consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement;

    c. No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce Plaintiff to enter into this Agreement, and Plaintiff has not been forced or pressured in any way to sign this Agreement; and

    d. Through this Agreement, Plaintiff is releasing all of the Releasees from any and all wage and hour claims that he may have against the Company in exchange for the Settlement Payment described herein;

    e. Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

**[SIGNATURES ARE PROVIDED ON THE FOLLOWING PAGES]**

**UNDERSTOOD AND AGREED:**

**PLAINTIFF**

**JUAN ERIBERTO PACCHA**

By: _/s/ signature_

Dated: 7/4/2025

**DEFENDANTS**

**APS ELECTRIC, INC.**

By: _____

Name: _____

Dated: _____

**MIKHAIL MIKHAYLOV**

By: _____

Dated: _____

**GENADI TANFILOV**

By: _____

Dated: _____

6

**UNDERSTOOD AND AGREED:**

**PLAINTIFF**

**JUAN ERIBERTO PACCHA**

By: _____

Dated: _____

**DEFENDANTS**

**APS ELECTRIC, INC.**

By: *M. Mikhaylov*

Name: Mikhail Mikhaylov

Dated: 2025-07-10

**MIKHAIL MIKHAYLOV**

By: *M. Mikhaylov*

Dated: 2025-07-10

**GENADI TANFILOV**

By: *G. Tanfilov*

Dated: 2025-07-10